IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:21-cr-00246-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JASON MCGUIRE,
2.    TIMOTHY STILLER,
3.    JUSTIN GAY,
4.    WESLEY SCOTT TUCKER,

    Defendants.

---

**DEFENDANTS' UNOPPOSED JOINT MOTION FOR A DESIGNATION OF COMPLEXITY AND AN ENDS OF JUSTICE EXCLUSION OF 270 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(i), (ii), and (iv)**

---

Jason McGuire, Timothy Stiller, Justin Gay, and Wesley Scott Tucker, by and through their respective counsel, respectfully move this Court to issue an order: (1) vacating the trial and related dates set forth in this Court's prior order, ECF No. 67, and scheduling a new trial date of July 18, 2022;[1] (2) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (3) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (4) excluding 270 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i), (ii), and/or (iv).

---

[1] Given the number of attorneys and parties involved and the fact that many of them reside outside of the District of Colorado, if the proposed trial date of July 18, 2022, is inconvenient for the Court, we respectfully request an opportunity to propose additional dates when all attorneys and parties are available for a trial. The defense is available to appear for a status conference before this Court to address all trial issues, including the anticipated length of the trial.

1

In support of said motion, Defendants state as follows:

## LEGAL AND FACTUAL GROUNDS FOR MOTION

1. Title 18 U.S.C. § 3161(h), provides in relevant part:

"The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:"

> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

2. The Speedy Trial Act ("the Act") serves two distinct interests: first, "to protect a defendant's right to a speedy indictment and trial," and second, "to serve the public interest in ensuring prompt criminal prosecutions." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after an indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, the Act excludes any period of delay "resulting from a continuance granted by any judge . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

3. To qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. The Court must first consider the following factors listed in § 3161(h)(7)(B)(i), (ii), and (iv):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

>    (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .
>
>    (iii) . . .
>
>    (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.  The Court must then set forth, on the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *United States v. Banks*, 761 F.3d 1163, 1175 (10th Cir. 2014) (holding that a court must make specific written or oral findings). Here, the ends of justice are served by excluding 270 days from the speedy trial calendar, particularly because this is a very complex case involving multiple defendants, dozens of financial transactions and millions of documents in discovery. Defense counsel respectfully submit that the above-referenced case is complex under Section 3161(h)(7)(B)(ii) or otherwise subject to (7)(B)(iv) of the Act due to the amount of documentary material and other evidence subject to pretrial disclosure or discovery, as well as the fact that much of the evidence consists of voluminous records that Defendants and their counsel will need to analyze, likely with the assistance of experts.

5.  For instance, defense counsel understand that the discovery in this case consists of at least 16 million documents, many of which are mulitiple pages long. The documents include various types of business records such as contracts, purchase orders, agreements, and internal and external business email communications; various types of financial documents; voluminous

telephone records and cellular telephone data, communications, and records; more than seventy reports of witness interviews; and discovery documents produced in a related complex civil matter that is pending in the Northern District of Illinois in *In Re Broiler Chicken Antitrust Litigation*, ECF No. 16-cv-8637 (N.D. Ill.). All of this discovery consists of documents and information that span many years. Indeed, the indictment alleges a conspiracy dating back to 2012.

6. Additionally, the subject matter and scope of this case, which is based on a single conspiracy count alleging price fixing in the commercial wholesale chicken business over the course of seven years, is itself complex. In order to defend against a charge of illegal restraint of trade in violation of 15 U.S.C. § 1, defense counsel must analyze, *inter alia*, all aspects of the production, pricing, and marketing of chicken to various large-scale commercial customers and the relationships of those customers with various chicken producers, including those employing defendants, between 2012 and 2019.

7. Under the circumstances, Defendants and their counsel believe that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself by the defense within the normal time limits established by the Act. Defendants request that the Court exclude 270 days from the speedy trial calculation and make an ends of justice finding pursuant to Section 3161(h)(7)(A), and reset the trial and all related deadlines.

8. Counsel for the government and the defense have conferred and respectfully request that the Court set the jury trial to commence on Monday, July 18, 2022, and to set other deadlines and hearings at times mutually convenient to the Court and the parties. In further support of this motion, Defendants state the following:

9. Defendants are charged in a one-count Grand Jury indictment dated July 28, 2021, with violating the Sherman Act, 15 U.S.C. § 1.

10. On August 11, 2021, Jason McGuire, Timothy Stiller, Justin Gay, and Wesley Scott Tucker appeared for the Initial Appearance, Arraignment, Discovery and Detention Hearings, at which time each of the Defendants entered a plea of not guilty. All of the Defendants are on pre-trial release secured by personal-recognizance bonds, reflecting the fact that none of them poses a danger to the community or a risk of flight.

11. Presently, a 15-day jury trial is scheduled to commence on October 18, 2021 at 9:00 a.m. before this Court. ECF No. 67. The 15-day trial length represents just the government's estimate for its case-in-chief and does not account for the defense's case. A Trial Preparation Conference is currently scheduled for October 14, 2021, at 12:00 p.m. *Id.* Pre-trial motions are due on October 6, 2021, and responses are due by October 13, 2021. *Id.*

12. Undersigned counsel received the first discovery disclosure last Friday, September 24, 2021. The government has represented that it will continue to provide discovery on a rolling basis as its investigation is ongoing. As discussed above, defense counsel understand that the government's initial production includes about 16 <u>million</u> documents—many of which include multiple pages. The Defendants will need to organize and analyze these millions of documents both in order to evaluate any pretrial motions to be filed, and to prepare for trial.

13. In addition, due to their nature, the allegations and the number of documents in this case will require significant legal and factual analysis, including the assistance of yet-to-be retained experts. Moreover, necessary defense investigation, including witness interviews and in-person meetings between defense counsel and their respective clients, is and will be time-consuming. Defense counsel's work will be made more difficult due to the ongoing COVID-19 pandemic. This District has recognized the extraordinary nature of the pandemic and its attendant exigent circumstances. In a series of General Orders, this District has recognized, *inter alia*, that

5

the President of the United States has declared a state of emergency, that COVID-19 is highly contagious, and that public health concerns militate against gathering in person. *See* General Orders 2020-1–2021-11 applicable to the United States District Court for the District of Colorado. In these General Orders, the Chief Judge for the District of Colorado has addressed, *inter alia*, logistics, procedures, access to the courthouse, appointment of counsel in compassionate release matters, and delays to jury trials.

14. With the government beginning to make its voluminous productions, defense counsel will require sufficient time to review the discovery materials, evaluate the government's case against Defendants, formulate and execute a defense investigation, discuss the case with their respective clients, draft all necessary pretrial motions, and prepare for a jury trial.

15. It is reasonably foreseeable that defense counsel will need at least 270 days—if not more—to review the discovery material, conduct its investigation, identify and retain numerous experts, and prepare for pretrial motions and other pretrial matters, including substantive motions.[2] Under the circumstances of this case, counsel believe that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the normal time limits established by the Act.

16. Further, any defense experts who will be retained in this case will require adequate time to review and evaluate the discovery materials and consult with counsel regarding their opinions of the case.

---

[2] The current request for a 270 day exclusion of time is the best estimate that can be surmised at this early stage of the case. The defense specifically preserves its right to request further extensions of time under the Act if facts and circumstances arise in the future that would substantiate such a request.

17. Finally, *United States v. Penn, et al.*, 20-cr-000152-PAB, charges ten other individual defendants with precisely the same conspiracy as the one at issue here, and the EOJ findings in *Penn* are instructive here. The government has stated that it will produce not only the identical discovery as it made in *Penn*, but also additional materials that were not provided to the *Penn* defendants.

18. The *Penn* defendants filed three ends of justice motions respectively seeking two initial exclusions of 180 days, and a third exclusion of 90 days. *United States v. Penn, et al.*, 20-cr-000152-PAB, ECF Nos. 49, 188, and 259. Chief Judge Brimmer granted each of these motions and excluded a total of 450 days in that case. *Id.* at ECF Nos. 76, 198, and 267. The allegations and scope of the *Penn* case were sufficiently complicated that those defendants ultimately needed an exclusion of that length. Chief Judge Brimmer also granted the *Penn* defendants' motion to declare their case complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *Id.* at ECF No. 76. The 270 days that the Defendants are requesting at this time—and the designation of complexity—are reasonable when compared to the EOJ findings in the companion *Penn* case.

19. Accordingly, defense counsel respectfully request a 270-day continuance of the jury trial and all related dates, including the deadlines for filing of pretrial motions, disclosure of experts, and other pretrial filings.

20. Consistent with the guidance provided in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the factors that support the requested continuance pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) are:

> a) **Whether a failure to grant the continuance would result in a miscarriage of justice.** *See* **18 U.S.C. § 3161(h)(7)(B)(i).**
>
> As noted above, counsel anticipate receiving 16 million documents of discovery from the government in due course, with additional productions coming. Accordingly, the defense

7

believes that a miscarriage of justice would occur if the Defendants were forced to proceed to trial on the current schedule without adequate time for counsel to properly review the discovery and consult with defense experts regarding their opinions.

**b) Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence**. *See* **18 U.S.C. § 3161(h)(7)(B)(iv).**

Failure to grant a continuance in this case would unreasonably deny counsel for the Defendants the time necessary to review discovery, confer with defense expert witnesses, effectively advise their respective clients as to their options and counsel's best professional advice regarding the best course of action, and effectively prepare for trial. As stated earlier, the potential need for defense experts to review the great volume of discovery materials and opine on the same directly impacts the way in which undersigned counsel will advise their respective clients.

21.     The factors articulated in *United States v. West*, 828 F.2d 1468, 1469-71 (10th Cir. 1987) also support an exclusion of 270 days in this case. First, now that the government has started to produce discovery, the Defendants will exercise due diligence to collect, organize, and review the evidence.   If this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance. Namely, defense counsel will have an opportunity to diligently review the voluminous discovery, and determine what defenses their clients may have, conduct any necessary investigation, and file any necessary discovery and/or suppression motions once they have reviewed the discovery.

22.     Second, such a continuance will not inconvenience the parties or witnesses, and allowing the defense sufficient time to review and digest the evidence would save judicial resources by allowing the parties the time necessary to prepare for an efficient trial of this matter.

23.  Third, without the requested continuance, the Defendants will be prejudiced because proceeding under the normal time limits would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

24.  Defendants and their counsel respectfully assert that the ends of justice will be served by the Court's finding and concluding that this case is complex within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii) and/or that the failure to grant such a continuance in this case, taken as a whole, would deny counsel for the Defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv). Defendants believe that at least 270 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the discovery and to prepare for trial.

25.  Defense counsel have conferred with the government, and it does not oppose a 270-day exclusion for the ends of justice. Should this motion be granted, the parties respectfully move this Court for a trial date of July 18, 2022.[3]

WHEREFORE, Jason McGuire, Timothy Stiller, Justin Gay, and Wesley Scott Tucker, by and through their respective counsel, respectfully request that the Court issue an order: (1) vacating the trial and related dates set forth in this Court's prior order, ECF No. 67, and scheduling a new trial date of July 18, 2022; (2) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (3) making an ends of justice finding pursuant

---

[3] Again, defense counsel will all be available to appear at a status conference to discuss the anticipated length of the trial and any other issue related to the trial.

to Title 18, United States Code, Section 3161(h)(7)(A); and (4) excluding 270 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i),(ii), and/or (iv).

Respectfully submitted this 30th day of September, 2021,

/s/ Kristen M. Frost
Kristen M. Frost
Patrick L. Ridley
Ridley McGreevy & Winocur PC
303 16th Street, Suite 200
Denver, CO 80202
(303) 629-9700
frost@ridleylaw.com
ridley@ridleylaw.com

/s/ D. Jarrett Arp
D. Jarrett Arp
Davis Polk & Wardwell LLP
901 15th St, NW
Washington, DC 20005
(202) 962-7150
jarrett.arp@davispolk.com

/s/ John Sand Siffert
John Sand Siffert
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 34th Floor
New York, NY 10110
(212) 921-8399
jsiffert@lswlaw.com

/s/ Jackson Roger Sharman, III
Jackson Roger Sharman, III
Lightfoot Franklin & White, LLC
400 20th Street North
Birmingham, AL 35203-3200
(205) 581-0700
jsharman@lightfootlaw.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2021, I electronically filed the foregoing **DEFENDANTS' UNOPPOSED JOINT MOTION FOR A DESIGNATION OF COMPLEXITY AND AN ENDS OF JUSTICE EXCLUSION OF 270 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(i), (ii) and (iv)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

<u>s/ Kristin McKinley</u><br>
Kristin McKinley